952 F.2d 1397
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard M. DONAHEY; Patricia A. Donahey, Plaintiffs-Appellants,
v.
Helen L. BOGLE; Seabourn S. Livingstone; H. Gordon Wood;
Clair Rubber Company, Defendants-Appellee.
 No. 91-2213.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1991.
 
 Before KENNEDY and BOGGS, Circuit Judges; and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs are appealing a memorandum opinion and order of the district court finding that all the parties, with the exception of the defendant Seabourn S. Livingstone, are jointly and severally liable for environmental contamination of real property owned by the plaintiffs. The district court has directed the parties to submit a joint proposed judgment order for the court's consideration.
 
 
 2
 The order appealed from was entered on the district court's docket sheet on October 3, 1991. On October 16, 1991, within ten days as computed by Fed.R.Civ.P. 6(a), the defendant, Helen L. Bogle, filed a motion to amend the findings of fact contained in the district court's October 3 order. On October 29, 1991, prior to disposition of the motion to amend, the plaintiffs filed a notice of appeal. The district court advises that the motion to amend is still pending.
 
 
 3
 If a timely motion to amend is filed in the district court, the time for appeal for all parties shall run from the entry of the order disposing of the motion to amend. A notice of appeal filed prior to the disposition of such a motion is of no effect. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). A new notice of appeal must be filed within the prescribed time for appeal following disposition of the motion.
 
 
 4
 As an additional matter, the court notes that the plaintiffs filed their appeal prior to entry of judgment as provided in Rules 58 and 79(a), Fed.R.Civ.P. However, a time-tolling motion made prior to entry of the final judgment does not preclude consideration of the motion. See Jetero Construction Co. v. South Memphis Lumber Co., 531 F.2d 1348, 1351 (6th Cir.1976).
 
 
 5
 It is therefore ORDERED that the plaintiff's appeal is dismissed sua sponte for lack of jurisdiction without prejudice to the plaintiff's right to perfect a timely appeal following disposition of the motion to reconsider. Rule 9(b)(1), Local Rules of the Sixth Circuit.